Sherman **ANDERSON**, Plaintiff–Appellant,

v.

**THOMPSON CREEK MINING CO.**, a Colorado corporation doing business in Idaho, Defendant–Appellee.

No. 14–35300

United States Court of Appeals, Ninth Circuit.

Argued and Submitted October 4, 2016 Seattle, Washington

Filed October 18, 2016

Bron Rammell, May, Rammell & Thompson, Chtd., Pocatello, ID.

Patricia M. Olsson, Moffatt Thomas Barrett Rock & Fields, Chtd., Boise, ID.

Before: W. FLETCHER, GOULD, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Sherman Anderson appeals the district court's grant of summary judgment to Thompson Creek Mining Co ("TCM"). We affirm the ruling of the district court.

1. We review de novo the district court's grant of summary judgment. *Black Star Farms LLC v. Oliver*, 600

by Ninth Circuit Rule 36–3.

F.3d 1225, 1229 (9th Cir. 2010). Anderson alleges a cause of action against TCM, because TCM failed to discharge its statutory duties under Idaho Code section 72–1706, instead terminating Anderson. However, we agree with the district court that Idaho Code section 72–1706 does not expressly provide a private cause of action to employees fired for a positive drug test. Instead, by its very terms, the statute "establishes voluntary drug and alcohol testing guidelines for employers." Section 72–1701(1). The Idaho Supreme Court has explained that an employer's failure to comply with the statute "simply means the employer does not get the benefit of the presumption" that an employee fired for failing a drug test will be deemed to have committed misconduct. *See Desilet v. Glass Doctor*, 142 Idaho 655, 132 P.3d 412, 415–16 (2006).

We also agree that the statute does not imply a cause of action. Where a statute does not explicitly provide for a private cause of action, Idaho courts rely on Restatement (Second) of Torts § 874A to determine whether a cause of action should be judicially inferred. *See, e.g., White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 730 P.2d 1014, 1021 (1986). That section provides that a statute may imply a cause of action if it (1) proscribes or requires conduct, (2) that protects a class of persons, (3) but does not provide a civil remedy. Restatement (Second) of Torts § 874A. As above explained, the statute does not proscribe or require conduct and does not provide a civil remedy. Compliance with it is voluntary. Therefore, Anderson does not have a cause of action under the statute, and the district court properly dismissed his claim.

2. We cannot consider Anderson's claim under Idaho Code section 72–1711(1). Anderson did not raise a claim under section 72–1711(1) in his second amended complaint or motion for summary judgment. Instead, Anderson briefly mentioned section 72–1711(1) in his motion for reconsideration. However, "abuse of discretion review precludes reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**AFFIRMED.**